IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONTAE EUGENE ROBINSON,

    Petitioner

v.

SUPERINTENDENT LAUREL
HARRY, et al.,

    Respondents

CIVIL NO. 3:17-CV-1696

(Judge Caputo)

# MEMORANDUM

Petitioner Dontae Robinson filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2012 conviction from the Court of Common Pleas of Dauphin County, Pennsylvania.[1] (ECF No. 1.) Respondent seeks the dismissal of the petition as untimely. (ECF No. 6.) Mr. Robinson filed a traverse arguing his "sentence only became final on September 14, 2016" when the Pennsylvania Supreme Court denied his Petition for Allowance of Appeal. (ECF No. 7.) For the following reasons, the Court will dismiss the petition as untimely. A certificate of appealability will not be issued.

---

[1] The Court takes judicial notice of the docket sheet in Mr. Robinson's criminal case, See *Commonwealth v. Robinson*, CP-22-CR-0000284-2012 (Dauphin Cty. Ct. Com. Pl.), which is available via the Pennsylvania's Judiciary Web Portal at http://ujsportal.pacourts.us/ (last visited December 17, 2019).

I.  **Background**

On December 5, 2012, Mr. Robinson plead guilty to four counts of robbery, one count of conspiracy, four counts of unlawful restraint, and one court each of persons not to possess firearms and carrying a firearm without a license. The trial court sentenced him to 10 to 20 years' imprisonment. *Commonwealth v. Robinson*, No. 1564 MDA 2014, 2015 WL 5971073, at *1 (Pa. Super. Aug. 26, 2015) (non-precedential). Mr. Robinson did not file a direct appeal.

On November 29, 2013, Mr. Robinson filed a *pro se* petition for post-conviction relief under Pennsylvania's Post Conviction Relief Act (PCRA), 42 PA. CONS. STAT. § 9545, *et seq.* On July 29, 2014, following a hearing, the PCRA court denied the petition. (*Id.*) Mr. Robinson filed a timely notice of appeal on August 15, 2014. *See Commonwealth v. Robinson*, 1564 MDA 2014, 2015 WL 5971073 (Pa. Super. Aug. 26, 2015).[2] On August 26, 2015, noting that Mr. Robinson's "judgment of sentence became final on Friday, January 4, 2013, or thirty days after the trial court imposed sentence. Pa. R.A.P. 903(a)", the Superior Court of Pennsylvania affirmed the denial of Mr. Robinson's PCRA petition. (*Id.* at *3.) On September 14, 2016, the Supreme Court of Pennsylvania denied the petition for allowance of appeal. *See Commonwealth v. Robinson*, 717 MAL 2015 (Pa. Sept. 21, 2015).[3] (*Id.*)

---

[2] The Court takes judicial notice of the docket sheet in Mr. Robinson's PCRA appeal before the Superior Court of Pennsylvania, *Commonwealth v. Robinson*, 1564 MDA 2014 (Pa. Super.), available to the public at http://ujsportal.pacourts.us/ (last visited December 17, 2019).

[3] The Court takes judicial notice of the docket sheet in Mr. Robinson's petition for allowance of appeal before the Supreme Court of Pennsylvania, *Commonwealth v. Robinson*, 717 MAL 2015 (Pa.), available to the public at http://ujsportal.pacourts.us/ (last visited December 17, 2019).

Mr. Robinson commenced this action on September 9, 2017, pursuant to the mailbox rule,[4] Mr. Robinson filed the instant petition. (ECF No. 1.)

II. **Discussion**

   A. **Timeliness**

The court shall "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year statute of limitations for § 2254 petitions filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). Specifically, 28 U.S.C. 2244(d) provides in relevant part:

> (d)(1) A 1-year period of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of ---
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

---

[4] The "prisoner mailbox rule" dictates that the filings of *pro se* prisoners are deemed filed on the date deposited in the prison mailbox or given to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

>  >  Supreme Court and made retroactively applicable to
>  >  cases on collateral review; or
>
>  >  (D)  the date on which the factual predicate of the
>  >  claim or claims presented could have been discovered
>  >  through the exercise of due diligence.
>
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2); see also Wall v. Kholi, 562 U.S. 545, 550, 131 S.Ct. 1278, 1283, 179 L.Ed.2d 252 (2011); see also Romansky v. Supt. Greene SCI, 933 F.3d. 293, 298-99 (3d Cir. 2019) and Jenkins v. Supt. of Laurel Highlands, 705 F.3d 80, 84 (3d Cir. 2013). Where a defendant fails to file post-sentence motions, his judgment becomes final thirty days from the date of sentencing. See 42 PA. CON. STAT. § 9545(b)(3); Pa. R. Crim. P. 720(A)(3).

Mr. Robinson was sentenced on December 5, 2012. His sentence became final thirty days later, on January 4, 2013, when he failed to file a direct appeal. Commonwealth v. Robinson, No. 1564 MDA 2014, 2015 WL 5971073, at *1. Mr. Robinson had one year from that date, or until Monday, January 6, 2014, to file a § 2254 petition.[5] Mr. Robinson's instant habeas petition, filed September 9, 2017, exceeded the one-year filing limitation by 1342 days.[6] Consequently, unless Mr. Robinson's petition is subject to statutory or equitable tolling, it is time-barred.

---

[5] The 1-year limitations period technically expired on Saturday, January 4, 2014, however, the period was tolled until Monday, January 6, 2014 per Fed. R. Civ. P. 6(a)(1)(C).

[6] Although Mr. Robinson asserts in his Reply that his "sentence only became final on September 14, 2015" when the Pennsylvania Supreme Court denied his petition for allowance of appeal appealing the denial of his PCRA petition. (ECF No. 7.) However, as previously discussed, because Mr. Robinson did not file a direct appeal, his sentence became final on Friday, January 4, 2013, or thirty days after the trial court-imposed sentence. Pa. R.A.P. 903(a).

- 4 -

## B. Statutory Tolling

The one-year AEDPA limitations period is subject to both statutory and equitable tolling. Statutory tolling for a federal habeas claim occurs during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending ..." 28 U.S.C. § 2244(d)(2). "[A] petition is properly filed when 'its delivery and acceptance are in compliance with the applicable laws and rules governing filing.' A properly filed petition must be in the proper form, and be timely delivered to the proper court or office." *Satterfield v. Johnson*, 434 F.3d 185, 101-192 (3d Cir. 2006) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000)) (internal citations omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005) (where the state court rejects petitioner's PCRA petition as untimely, the petition "was not 'properly filed' and [petitioner is] not entitled to statutory tolling under § 2244(d)(2)"). A state post-conviction motion or other collateral review is "pending" from the date it is filed until the date the court rules on the petition as well as "the time during which an appeal could be filed even if the appeal is not eventually filed." *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000).

Three hundred twenty-nine (329) days of the one-year limitations period lapsed between Mr. Robinson's judgment becoming final and the filing of his PCRA petition on November 29, 2013. The Pennsylvania Supreme Court denied his petition for allowance of appeal on Wednesday, September 14, 2016. At that point, the balance of Mr. Robinson's 1-year limitations period started to run. The remaining thirty-six (36) days of the limitations period expired on Thursday, October 20, 2016. Mr. Robinson filed his § 2254 petition until September 9, 2017, or three hundred twenty-four (324) days too late.

However, the Court's analysis does not stop here; the Court must consider whether Mr. Robinson's federal limitation period is subject to equitable tolling.

### C. Equitable Tolling

The AEDPA's one-year limitations period may be subject to equitable tolling when the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary circumstance stood in his way and prevented timely filing" of his habeas petition. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010); *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). "However, courts need to be 'sparing in their use of' the doctrine," *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011) (quoting *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)), as it does not extend to a "garden variety claim of excusable neglect." *Schlueter v. Varner*, 384 F.3d 69, 83 (3d Cir. 2004) (citing *Irwin v. Dep't Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 96, 112 L.Ed.2d 435 (1990)). Accordingly, equitable tolling is used only in "extraordinary" and "rare" circumstances. *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006). The Third Circuit Court of Appeals has found extraordinary circumstances prevented a petitioner from pursuing his habeas claims when: (1) the respondent actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159; or (4) the court has mislead the petitioner regarding the steps that he needs to take to preserve a claim. *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances are found, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary

- 6 -

circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)). The petitioner bears the burden of establishing that he is entitled to benefit from equitable tolling. *See Pace*, 544 U.S. at 418, 125 S.Ct. at 1814-15.

The Supreme Court has also recognized that a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of "a procedural bar ... or ... expiration of the statute of limitations" under the miscarriage of justice exception. *See McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013). But actual innocence claims are "rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995). "[T]he fundamental miscarriage of justice exception applies only in cases of actual innocence." *Coleman v. Greene*, 845 F.3d 73, 77 (3d Cir. 2017) (citing *McQuiggin*, 569 U.S. at 386, 133 S.Ct. at 1928). "[A]ctual innocence requires a showing of factual innocence, not mere legal insufficiency." *Swenger v. Chesney*, 294 F.3d 506, 523 (3d Cir. 2002). To prevail under this standard, the petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of new evidence." *Schlup*, 513 U.S. at 327, 115 S.Ct. at 867. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.* at 316, 115 S.Ct. at 861.

Mr. Robinson presents no evidence to account for his delay in pursuing his state court remedies or for his delinquency in seeking relief in federal court. *See* ECF Nos. 1 and 7. Nor does he indicate that extraordinary circumstances obstructed his pursuit of

post-conviction relief in either forum. Finally, the Court observes that Mr. Robinson advances no claim of actual innocence or the discovery of new evidence in his submissions. See *McQuiggin*, 569 U.S. at 386, 133 S.Ct. at 1928. Hence, the Court finds no basis for equitable tolling the AEDPA's statute of limitations in this case.

III. **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability (COA), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). In the instant matter, jurists of reason would not find the disposition of Mr. Robinson's petition debatable. As such, the Court will not issue a certificate of appealability in this case.

## IV. Conclusion

For the reasons set forth above, the Court finds Mr. Robinson's petition is untimely filed and cannot be rendered timely by application of any period of statutory or equitable tolling of the limitations period. Accordingly, the petition will be dismissed. A certificate of appealability will not issue.

An appropriate Order follows.

Date: December 17, 2019

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**